IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CIVIL 13-00551 LEK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| JAMES A. ERICSON, | ) | |
| Defendant. | ) | |

## ORDER GRANTING THE GOVERNMENT'S REQUESTED PERMANENT INJUNCTION

The sole issue before the Court is the scope of the permanent injunction issued on behalf of Plaintiff the United States of America ("the Government") by this Court in its Order Granting in Part the Government's Motion for Summary Judgment ("11/30/14 Order"). [Dkt. no. 41.[1]] The Court permanently enjoined pro se Defendant James A. Ericson ("Ericson") from filing fraudulent tax returns, but reserved ruling on the Government's request to enjoin Ericson from acting as a federal tax return preparer. 11/30/14 Order, 2014 WL 6749120, at *8.

In response to this Court's entering orders ("EOs"), [dkt. nos. 42, 47,] Ericson filed supplemental memoranda on December 30, 2014 ("First Supplemental Memorandum"), and January 21, 2015 ("Second Supplemental Memorandum"), [dkt. nos. 45, 48,] and the Government filed responses on December 30, 2014, and January 28, 2015 [dkt. nos. 46, 49]. Ericson now has had

---

[1] The 11/30/14 Order is also available at 2014 WL 6749120.

three separate opportunities to set forth his position on the issue. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the supporting and opposing memoranda, and the relevant legal authority, the Government's request for a permanent injunction prohibiting Ericson from acting as a paid federal tax return preparer is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On October 23, 2013, the Government filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") to enjoin Ericson, a paid professional federal tax return preparer, from preparing taxes. The Complaint seeks injunctions pursuant to 26 U.S.C. § 7407 ("Count I") and 26 U.S.C. § 7402 ("Count II") for taking unrealistic and unsustainable positions on customers' tax returns, willfully understating taxes due, and recklessly and intentionally disregarding tax rules and regulations. [Complaint at ¶¶ 8-11.] The Government seeks a permanent injunction prohibiting Ericson from: (1) acting as a federal tax return preparer; (2) assisting in preparing fraudulent tax returns, violating the tax laws, and (3) engaging in conduct that interferes with the proper administration and enforcement of the tax laws. [Id. at pgs. 16-18.]

On September 18, 2014, the Government filed its Motion for Summary Judgment, [dkt. no. 25,] and, in the 11/30/14 Order, the Court found that Ericson knowingly and repeatedly violated the tax code, and granted summary judgment for the Government as to both counts. 2014 WL 6749120, at *2-7. Further, the Court found that a permanent injunction was necessary, under either § 7402 or § 7407, to prevent recurrence of Ericson's fraudulent practices. Id. at *8. The Court, however, reserved ruling on the scope of the permanent injunction, including whether Ericson should be prohibited from preparing taxes entirely, until pro se Defendant Ericson had a final opportunity to more fully argue his position on this issue. Now that Ericson has had that opportunity, the Court finds that the permanent injunction, as requested by the Government, is warranted.

## **DISCUSSION**

The Ninth Circuit has not clearly articulated a standard or test that a district court should apply in determining whether a lifetime injunction against all tax preparation is proper. However, as the Government points out:

> Courts have considered a variety of factors in analyzing this question, including but not limited to: (1) a defendant's willingness or refusal to acknowledge wrongdoing; (2) compliance with the law following a warning or notification by the [Internal Revenue Service] that the conduct is unlawful; (3) the percentage of tax returns filed which are fraudulent; (4) the severity of the harm, *i.e.* the amount of money fraudulently requested and the amount actually and erroneously

3

> released; (5) the number of discrete fraudulent
> practices; (6) the longevity of the fraudulent
> scheme; and (7) the defendant's degree of
> scienter.

United States v. McIntyre, 715 F. Supp. 2d 1003, 1010 (C.D. Cal. 2010) (some citations omitted) (citing United States v. Nordbrock, 38 F.3d 440, 446-47 (9th Cir. 1994)). These factors weigh in favor of the Government's requested injunction.

First, Ericson has not clearly admitted his fraudulent practices. In his First Supplemental Memorandum, he argued that "if his testimony [was] subject to cross examination by the court the evidence of his innocence [could] be determined[.]" [First Suppl. Mem. at 1.] In his Second Supplemental Memorandum, he took a different tack, conceding at least some wrongdoing: "So I can see the error of my ways, at last." [Second Suppl. Mem. at 4.] However, even in the Second Supplemental Memorandum, Ericson equivocated. For instance, he stated: "The court has decided that I was preparing illegal tax returns until recently. I now admit that that **seems** to be the situation as even my clients claim that some of the returns were not prepared properly." [Id. (emphasis added).] Further, he did not promise to desist from all fraudulent practices; rather, he stated: "Should any of my Clients ask me to take inappropriate deductions on their tax returns I will advise them that I cannot and will not take those deductions." [Id. at 1.] This Court has concluded that Ericson filed fraudulent tax returns. 11/30/14 Order, 2014 WL 6749120,

at *7.  His failure to take full responsibility for his wrongdoing weighs in favor of the broad injunction.

Second, although he argues that the IRS was wrong to impose penalties in 2009, [Second Suppl. Mem. at 2-3,] and that the auditor "was extremely vague as to what the problems were with the tax returns that he had audited," [id. at 3,] that investigation is not at issue in this lawsuit.  The undisputed facts show that, "in 2009, the IRS informed Ericson that his practices were improper and fined him; and Ericson continued to improperly deduct expenditures."  11/30/14 Order, 2014 WL 6749120, at *8 (citing Government's Concise Statement of Material Facts ("Govt. CSOF"), filed 9/18/14 (dkt. no. 25-2), at ¶ 19); see also Govt. CSOF, Decl. of Revenue Agent Sean Flannery ("Flannery Decl.") at ¶¶ 6-8.  Ericson's belated denials do not dispute the fact that he failed to "compl[y] with the law following a warning or notification by the IRS that the conduct [was] unlawful."  See McIntyre, 715 F. Supp. 2d at 1010.  The IRS imposed penalties on Ericson for a specific activity, and he thereafter continued that activity.  Thus, whether or not the IRS was correct, this factor also weighs in favor of the Government.[2]

As to the third through fifth factors, this Court found in the 11/30/14 Order that the undisputed facts showed that, "the

---

[2] Further, the Court finds it immaterial whether Ericson passed "most" Hawai`i state tax audits.  See Second Suppl. Mem. at 2.

5

IRS examined 611 federal income tax returns of Ericson's customers from 2007 through 2012 and found a total tax shortfall of $2,412,212, which amounts to an average of $3,948 per return, and a loss of $30,052,176 in treasury revenue." 2014 WL 6749120, at *8 (citing Govt. CSOF at ¶¶ 8-9); see also Flannery Decl. at ¶¶ 9-13. Also, "between eighty-six and ninety-two percent of Ericson's customers' returns resulted in refunds." 11/30/14 Order, 2014 WL 6749120, at *6 (citing Flannery Decl. at ¶ 11). Ericson, on the other hand, argues that he is filing roughly 300 tax returns a year now, down from over 1,000, [Second Suppl. Mem. at 2,] the Government has cherry-picked the evidence to make his behavior appear more egregious, [id. at 3,] and the Government will likely recover at least some of the money [id.]. The Court concludes that this is a substantial number of discrete fraudulent practices (and likely a high percentage too), and the harm is severe – even if the Government is able to mitigate some of the losses. Moreover, even if his current rate of 300 tax returns per year is low for Ericson, it is still a substantial amount. Therefore, the third through fifth factors weigh in favor of the broad injunction.

Regarding the sixth factor, Ericson argues that there is no evidence of fraudulent practices before 2007. [Second Suppl. Mem. at 3.] Even if he has not engaged in fraud for all of the nearly twenty years that he has been in business in Maui,

6

five years of fraudulent activity is still significant.  This factor, thus, also weighs in favor of the Government.

As to the seventh factor, regarding scienter, this Court has found that Ericson "knowingly and repeatedly violated the tax code."  11/30/14 Order, 2014 WL 6749120, at *7.  For that reason, this factor weighs in favor of the broad injunction.

Last, Ericson has not offered any facts that counterbalance the factors discussed above, or would lead the Court to lessen the severity of the remedy.  As the Government emphasizes, Ericson's only equitable argument consists entirely of the following sentence: "Since my wife no longer is able to work, our family budget requires me to continue working." [Second Suppl. Mem. at 2.]  Ericson has not provided the following information that could guide the Court in determining whether a true hardship exists: why his wife cannot work; the number of people in his household; his specific financial obligations; other family revenue; any outstanding debts; and other extenuating circumstances.  The sole fact that his wife cannot work does not suffice to show hardship, and thus the proposed injunction does not appear unfair under the circumstances of this case.[3]

---

[3] The only other argument Ericson makes is that he can be "trusted" since he is a longtime church-member, and a recognized veteran.  [Second Suppl. Mem. at 4-5.]  While the Court looks favorably on these aspects of Ericson's character, they do not
(continued...)

7

Since all of the factors weigh in favor of the Government, and Ericson does not offer any reasons why the broad injunction would be unfair, the Court GRANTS the permanent injunction as requested, including prohibiting Ericson from acting as a federal tax return preparer. To the extent that Ericson requests the opportunity to move for summary judgment, see Second Suppl. Mem. at 5, the Court denies that request as untimely and moot.

**CONCLUSION**

On the basis of the foregoing, the Government's requested permanent injunction, raised in the Complaint and in the Motion for Summary Judgment, is HEREBY GRANTED.

The Court HEREBY ENTERS a permanent injunction, which supersedes the injunction put in place by the 11/30/14 Order, as follows:

Defendant James A. Ericson, and all those in active concert or participation with him, are prohibited from:

> (1) acting as federal tax return preparers or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than themselves;
>
> (2) preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that they know, or reasonably should

---

[3](...continued)
offset the ongoing scheme that he perpetuated or the harm he caused to the Government and American taxpayers.

know, will result in an understatement of tax liability
or the overstatement of federal tax refund(s);

(3) engaging in any other activity subject to penalty
under 26 U.S.C. § 6694 or any other penalty provision
in the Internal Revenue Code; and

(4) engaging in any conduct that substantially
interferes with the proper administration and
enforcement of the tax laws.

It is further ORDERED that Defendant James A. Ericson produce to counsel for the Government, by **March 24, 2015**, a list that identifies by name, social security number, address, email address, telephone number, and tax period(s) all persons for whom he prepared federal tax returns or claims for refund since January 1, 2008.

By **March 24, 2015**, Mr. Ericson shall contact by mail (and also by email, if an address is known) all persons for whom he prepared a federal tax return since January 1, 2008, to inform those persons of the permanent injunction entered against him. Along with that notice, Ericson shall include a copy of the order of permanent injunction but not enclose any other documents or enclosures unless agreed to by counsel for the Government or approved by the Court. By **April 8, 2015**, Ericson shall file with the Court a sworn certificate that he has complied with this requirement.

Ericson shall also provide a copy of this Order to all of the principals, officers, managers, employees, and independent

contractors of his tax return preparation business by **March 9, 2015**, and provide counsel for the United States a signed and dated acknowledgment or receipt of the Court's order for each person to whom he provided a copy of this Order by **March 24, 2015**.

The United States shall be entitled to conduct discovery to monitor Defendant's compliance with the terms of this Order. This Court retains jurisdiction over Defendant and over this action to enforce this Order.

There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter judgment and close the case on **April 22, 2015**, unless Plaintiff files a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 20, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. JAMES A. ERICSON; CIVIL 13-00551 LEK-KSC; ORDER GRANTING THE GOVERNMENT'S REQUESTED PERMANENT INJUNCTION**